```
                                    ┌─────────────────────────────┐
                                    │           FILED             │
                                    │  CLERK, U.S. DISTRICT COURT │
                                    │  ┌───────────────────────┐  │
                                    │  │      5/6/2015         │  │
                                    │  └───────────────────────┘  │
                                    │ CENTRAL DISTRICT OF CALIFORNIA│
                                    │ BY: _____CW_____ DEPUTY     │
                                    └─────────────────────────────┘
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIRON MARQUETT ELIAS,<br><br>                    Petitioner,<br><br>          vs.<br><br>G.S. LEWIS, Warden,<br><br>                    Respondent. | CASE NO. ED CV 14-410-MWF (RZ)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of United States Magistrate Judge.  Further, the Court has engaged in a de novo review of those portions of the Report to which Petitioner and Respondent have objected.

The bulk of the arguments that Petitioner makes in his objections is sufficiently addressed in the magistrate judge's Report.  One argument, however, warrants further discussion.  In his objections, Petitioner argues that the magistrate judge erred in concluding that Petitioner's first, third, and fourth claims for relief are procedurally barred because Petitioner failed to raise them on appeal.  Although Petitioner acknowledges that he did not raise those claims on direct review, he nevertheless maintains that there was sufficient cause for his failure to do so.  In particular, Petitioner contends that his appellate counsel erred in failing to raise the claims, even though Petitioner urged him to do so.

In order to have a federal court hear his procedurally defaulted claims, Petitioner must show cause for the procedural default and prejudice.  *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).  Cause, for purposes of excusing a procedural bar, "exists where something external to the petitioner, something that cannot fairly be attributed to him, impeded his efforts to comply with the state's procedural rule."  *Towery v. Ryan*, 673 F.3d 933, 943 (9th Cir. 2012).  A habeas petitioner cannot establish cause based on his counsel's purported negligence because, as the Ninth Circuit has explained, "the attorney is the petitioner's agent, and the principal bears the risk of negligent conduct on the part of his agent."  *Id.*  Here, at best, Petitioner alleges that his counsel's purported negligent performance resulted in Petitioner's first, third, and fourth claims being procedurally barred on federal habeas review.  But as *Towery* makes clear, this allegation is insufficient to establish the requisite cause to excuse a procedural default.

Moreover, even if Petitioner could establish cause, he cannot establish the requisite prejudice to overcome the procedural bar to his claims.  The magistrate judge considered the merits of each of the procedurally barred claims in resolving Petitioner's corresponding ineffective assistance of appellate counsel claim. Therein, Petitioner argued that appellate counsel erred in failing to present each of the purported constitutional errors at issue in Claims One, Three, and Four.  The magistrate judge rejected each such allegation of attorney error, reasoning that Petitioner had shown neither deficient performance nor prejudice in regards to any of his allegations of attorney error.  Accordingly, Petitioner cannot establish prejudice.  And, by the same token, he cannot show cause for the procedural default because appellate counsel's decision against asserting the procedurally barred claims on appeal was sound.

///

///

///

///

1    In sum, none of Petitioner's objections is meritorious.  The Court, therefore,

2    accepts the findings and recommendations of the Magistrate Judge.

3

4    DATED: May 6, 2015

5

6    _____

7    MICHAEL W. FITZGERALD
     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28